# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DIAMOND SCAFFOLD SERVICES, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION 18-0470-WS-B<br>) |
| SALT SOLUTIONS, LLC, | )<br>) |
| Defendant. | ) |

## ORDER

This matter is before the Court on its *sua sponte* review of its subject matter jurisdiction over this action, which was recently reassigned to its docket. The original defendant ("Mid-South") removed in November 2018 on the basis of diversity, (Doc. 1), and the amount in controversy plainly exceeds $75,000. (Doc. 1-1 at 7). The Court, however, questioned the citizenship of Mid-South, since it was described as having a single member, who died a decade before suit was filed. (Doc. 20 at 2).

Shortly after removal, the plaintiff and Mid-South jointly moved to substitute Salt Solutions, LLC ("Salt"), a Mississippi citizen, as the party defendant, on the grounds that Salt had purchased the assets of Mid-South in 2009 and that Mid-South was not in operation at the relevant time. (Doc. 2). That motion was granted by the Magistrate Judge. (Doc. 3). As the Court noted, this post-removal change of parties did not resolve the jurisdictional question, because jurisdiction must exist at the moment of removal and cannot initially exist at a later point in time;[1] thus, Salt could remain in federal court only by demonstrating that Mid-South was a citizen of a state other than Louisiana or Texas (the

---

[1] *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

plaintiff's citizenship) at the time of removal. (Doc. 20 at 2). The Court afforded Salt a second opportunity to make the necessary showing. (*Id.*).

Salt has presented records from the office of the Mississippi Secretary of State reflecting that Alan Salt became the sole member of Mid-South in June 2009. (Doc. 21-3 at 11). Mr. Salt has been shown to be a longstanding citizen of Mississippi. (Doc. 2 at 1 n.1; Doc. 21-2 at 4). Mid-South thus was a citizen of Mississippi as of June 2009 for purposes of gauging diversity jurisdiction.[2] The question is whether it remained such in November 2018.

As Salt acknowledges, (Doc. 21 at 3), Mid-South was administratively dissolved by the office of the Mississippi Secretary of State for failing to file its 2011 annual report. (Doc. 21-3 at 13-14). The question is whether Mid-South can be considered a citizen of Mississippi in November 2018 despite this administrative dissolution.

"Administrative dissolution of a perpetual LLC does not destroy its citizenship for diversity purposes if the LLC continues to exist under state law after administrative dissolution." *Go Fast Sports & Beverage Co. v. Buckner*, 2008 WL 2852626 at *2 (D. Colo. 2008). Thus, where the state by statute expressly provides that an administratively dissolved LLC "continues its existence" but with certain restrictions on its activities, the entity remains a citizen of the state for purposes of determining diversity jurisdiction. *Id.*; *accord Tri-County Metropolitan Transportation v. Butler Block, LLC*, 337 Fed. Appx. 708, 708-09 (9th Cir. 2009).

Under Mississippi law, the Secretary of State, following certain procedures, may administratively dissolve an LLC for failure to deliver its annual report within a specified time. Miss. Code § 79-29-821(b). Unlike in *Go Fast* and *Butler Block*,

---

[2] The citizenship of an LLC for diversity purposes is gauged by the citizenship of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

2

however, the Mississippi Code does not expressly state that an administratively dissolved LLC continues to exist.[3]

The Mississippi Code does state that administrative dissolution: (1) does not terminate the registered agent's authority; (2) does not impair the validity of the LLC's contracts and other agreements or acts; (3) does not prevent the LLC from defending legal actions; and (4) does not make a member, manager or officer liable for the LLC's obligations. *Id.* § 79-29-831(1)-(3). Substantively equivalent consequences follow the administrative dissolution of a Mississippi corporation. *Id*. § 79-4-14.21(d)-(f). Such a corporation "continue[s] to exist regarding agreements established *prior* to dissolution and for the purposes of defending the corporation in actions stemming from such agreements." *Columbus Cheer Co. v. City of Columbus*, 155 So. 3d 744, 746 (Miss. 2014) (emphasis in original).

Given the parallel language of the provisions governing administratively dissolved corporations and administratively dissolved LLCs, the Court concludes that Mid-South continued to exist under Mississippi law (and thus to be a Mississippi citizen for purposes of establishing diversity jurisdiction) only with respect to agreements it entered prior to its dissolution. Since Mid-South engaged in no operations after 2009, (Doc. 2 at 1), the agreement on which the plaintiff bases its complaint would have to have been entered, with Mid-South, prior to 2010.[4]

---

[3] The Code provides that an LLC dissolved pursuant to formal dissolution proceedings "continues its legal existence" pending wind-up and liquidation, Miss. Code § 79-29-831(5), but this provision does not apply to Mid-South, since it was not dissolved by voluntary or judicial dissolution.

[4] Salt relies on *Wiemer v. Rubino*, 2019 WL 187873 (S.D. Miss. 2019), for the proposition that an administratively dissolved Mississippi LLC "continue[s] in existence despite dissolution." *Id*. at *8 n.2. Because it offered no support for this one-sentence conclusion beyond a general citation to Section 79-29-831, because it did not purport to assert that such an LLC continues to exist for all time and for all purposes, because it did not acknowledge or address *Columbus Cheer*, and because it did not involve a jurisdictional issue, the Court considers *Weimer* to be unpersuasive.

The complaint is based on an alleged agreement for delivery of scaffolding. (Doc. 1-1 at 3). The complaint asserts the agreement was reached in April 2018, which is clearly incorrect, since the first unpaid invoice dates from September 2016. (*Id*. at 6, 15).[5] The plaintiff's statement in the parties' Rule 26(f) report clarifies that the agreement on which suit is based was reached with Salt (not Mid-South) in 2015. (Doc. 13 at 3). Salt offers no contrary evidence or even representation. Under Mississippi law, therefore, Mid-South does not continue to exist for purposes of this lawsuit. It thus lacks any citizenship.

Diversity jurisdiction requires that suit be "between … citizens of different States." 28 U.S.C. § 1332(a)(1). Because Mid-South has no citizenship for purposes of diversity jurisdiction, this action as it stood at the time of removal was not "between citizens of different states." *See also Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1469-70 (11th Cir. 1986) (in determining diversity for removal jurisdiction, non-existent defendants are to be ignored); *Davis v. OneBeacon Insurance Group*, 721 F. Supp. 2d 329, 337 (D.N.J. 2010) ("'[N]or is the citizenship of a non-existent entity considered for purposes of complete diversity of citizenship.'") (quoting *Newsom v. Caliber Auto Transfer, Inc.*, 2009 WL 4506298 at *2 (S.D. Ill. 2009)); *Susman v. Goodyear Tire & Rubber Co.*, 2018 WL 1243733 at *8 (E.D. Pa. 2018) (same).

Salt argues that diversity should be measured by its citizenship because it "is the proper defendant in this matter." (Doc. 21 at 1). And so it appears to be, but it was not the defendant when the action was removed. Nor was removal accomplished by Salt; on the contrary, Mid-South is repeatedly identified as the entity seeking removal, without any mention of Salt. (Doc. 1). Had Salt obtained substitution in state court and then removed, the situation (and the result) would be different, but that did not happen.

---

[5] Attached to the complaint is an undated, unsigned proposal, (Doc. 1-1 at 12-14), which does not clarify when the agreement was reached, or with what entity.

4

The Court has done its best to determine Mississippi law as it affects the jurisdictional issue, but "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Insurance Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005). Thus, to the extent doubt remains as to that law, "all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

For the reasons set forth above, this action is **remanded** to the Circuit Court of Mobile County for want of subject matter jurisdiction.

DONE and ORDERED this 8th day of May, 2019.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE